Somerset Realty · Company

vs.

Morris Shapiro et al. }No. 77831.

November 3, 1930.

CARPENTER, J: This action was brought by the Somerset Realty Company, a corporation organized under the laws of the State of Rhode Island, against Morris Shapiro and Jacob Shapiro, both of New York in the State of New York, co-partners doing business under the name of M. Shapiro and Son, to recover damages to a building owned by the Somerset Realty Company, located on the southeasterly corner of Richmond Street and Weybosset Street in the City of Providence.

The case was tried before a jury in this Court in April, 1930, at which trial a jury returned a verdict for the plaintiff and assessed damages in the sum of $5,579.70. The defendants in due time filed a motion for a new trial which was argued before this Court in June, 1930. The motion for a new trial alleged the usual grounds.

It appeared from the evidence that the plaintiff was the owner of a three-story brick and wooden building located on the southeasterly corner of Richmond and Weybosset Streets in the City of Providence; that the defendants were engaged as general contractors by Loew's Theatre and Realty Corporation, a Delaware corporation doing business in Providence, to erect the Loew State Theatre, so-called, on a lot of land adjoining the land of the plaintiff on which the building of the plaintiff stands on the easterly side; that while the defendants were excavating for and while building the foundation for said theatre building, and by reason of the manner of said excavating for and building of said foundation, the building of said plaintiff settled, causing damage to said plaintiff's building.

The plaintiff produced many witnesses to prove that the damage was caused by the defendants in a manner which would make the defendants liable for the damage. It also produced many witnesses who testified as to the extent of the damage.

The defendants produced many witnesses to prove that the damage to the building was not caused by any act which would make them legally responsible and liable for the damage. They, the defendants, also produced witnesses as to the extent of the damage.

The case occupied the attention of this Court for six days in the trial, and, therefore, it may well be seen that the evidence was both voluminous and contradictory and, therefore, it does not seem necessary at this time to point out or quote any particular parts of the evidence.

This Court after considering all the evidence in the case is not satisfied that substantial justice has been done and feels that the case should be tried again.

Motion for new trial granted.

For plaintiff: Edwards & Angell.

For defendants: Philip C. Joslin, James Harris and Louis V. Jackvony.